UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENITO ALBANESE and<br>STEPHANIE ALBANESE,<br><br>        Plaintiffs,<br><br>        v.<br><br>JOHN WASILENKO;<br>VILLAGE OF ELMWOOD PARK;<br>VILLAGE OF ELMWOOD PARK POLICE<br>DEPARTMENT; and FRANK FAGIANO,<br><br>        Defendants. | Case No. 14-cv-640<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Benito and Stephanie Albanese have filed a Complaint against the Village of Elmwood Park ("the Village"), Elmwood Park Police Department, Police Chief Frank Fagiano (collectively, the "Village Defendants"), and Sergeant John Wasilenko, alleging constitutional claims under 42 U.S.C. § 1983 and state law claims for intentional infliction of emotional distress ("IIED"), defamation, and indemnification. The Village Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the following: Plaintiffs' state law claims for IIED and defamation; Plaintiffs' indemnification claim for defamation and prayer for punitive damages against the Village; and Elmwood Park Police Department as a party.[1] For the reasons discussed below, the Village Defendants' Motion is granted.

---

[1] The Counts in Plaintiffs' Complaint are mis-numbered; the first one is Count I, the second one is Count IV, and the third and fourth are Count V. Therefore, the Court has disregarded the number designation of the Counts and refers to them instead according to their substantive claims.

## BACKGROUND

The following facts are drawn from Plaintiffs' Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiffs Benito and Stephanie Albanese, who are now married, temporarily split up in January 2012. (Compl. ¶¶ 7-8.) In February 2012, Benito made a complaint against Stephanie to the Elmwood Park Police Department. In March 2012, Sergeant Wasilenko used his authority and influence as a police officer to begin a relationship with Stephanie while purportedly "investigating" Benito's complaints against her. (*Id.* ¶¶ 9-10.) Wasilenko unlawfully retrieved data concerning Benito and communicated that information to Stephanie, along with various lies about Benito. (*Id.* ¶ 11.) In April 2012, Wasilenko began using his authority and powers as a police officer to follow Benito. (*Id.* ¶ 11.) He also ran background searches on Stephanie. (*Id.* ¶ 13.) In June 2012, Plaintiffs went to the Elmwood Park Police Department to report Wasilenko's actions. (*Id.* ¶ 14.) Wasilenko allegedly has a pattern and practice of using his authority and police powers to take advantage of vulnerable persons, to run unauthorized background checks on citizens, and to follow citizens without authorization. (*Id.* ¶¶ 16-17.) The Village and Police Chief Frank Fagiano knew of Wasilenko's actions but did not stop him. (*Id.* ¶ 18.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

A complaint can also fail to state a claim under Rule 12(b)(6) "[i]f the allegations of the complaint 'show that relief is barred by the applicable statute of limitations.'" *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). While a complaint is not required to anticipate affirmative defenses and address them, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (quoting *Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006)).

**ANALYSIS**

*Plaintiffs' IIED and Defamation Claims*

Defendants argue that Plaintiffs' IIED and defamation claims are time-barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"), 745 ILCS 10/1-101 *et seq*. The Tort Immunity Act provides that "civil actions" against a government entity or its employees have a one-year statute of limitations.

3

745 ILCS 10/8-101(a). State law IIED and defamation claims are civil actions under the Tort Immunity Act and, as such, are subject to the one-year statute of limitations. 745 ILCS 10/8-101(c); *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

Here, the alleged misconduct underlying Plaintiffs' IIED and defamation claims occurred between March 2012 and June 2012. Plaintiffs' cause of action accrued in June 2012, when they went to the Elmwood Park Police Department and complained about Wasilenko. *See, e.g., Feltmeier v. Feltmeier*, 798 N.E.2d 75, 89 (Ill. 2003) ("a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused"). Therefore, Defendants argue the statute of limitations for the IIED and defamation claims expired in June 2013, and because Plaintiffs did not file this file this action until January 29, 2014, those claims are time-barred.

In their Response Brief, Plaintiffs concede that their defamation claim is time-barred but request that dismissal be without prejudice. With respect to the IIED claim, Plaintiffs argue that their Amended Complaint establishes that the harassment continued into October 2013. However, Plaintiffs have not filed an Amended Complaint, and there are no allegations in their current Complaint about conduct occurring until October 2013.

Accordingly, Plaintiffs' defamation and IIED claims are dismissed. As discussed more fully below, dismissal is with prejudice only with respect to Plaintiffs' defamation claim against the Village. Plaintiffs are granted leave to assert a timely defamation claim against Fagiano and a timely IIED claim against Fagiano and the Village, if Plaintiffs can do so pursuant to Rule 11.[2]

---

[2] The Court notes that dismissal does not toll the statute of limitations. *See, e.g., Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007) ("when a suit is dismissed without prejudice, the statute of limitations continues to run from the date (normally the date of the injury) on which the claim accrued.").

*Plaintiffs' Concessions to Defendants' Remaining Arguments*

With respect to Defendants' remaining arguments, Plaintiffs concede that the Village has absolute immunity under the Tort Immunity Act from liability for defamation, including claims for indemnification for defamation committed by its employees. *See* 745 ILCS 10/2-107. Plaintiffs also concede that their prayer for punitive damages against the Village should be stricken. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Kolar v. County of Sangamon*, 756 F.2d 564, 567 (7th Cir. 1985) ("As a general rule, local public entities are immune from punitive damage awards in civil rights actions."); 745 ILCS 10/2-102. Lastly, Plaintiffs concede that Elmwood Park Police Department is not a suable entity and do not object to its dismissal. *See, e.g., Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) (Chicago police department not a suable entity). Accordingly, the following are dismissed with prejudice: Plaintiffs' defamation claim against the Village; Plaintiffs' claim for indemnification against the Village for defamation committed by the Village's employees; Plaintiffs' prayer for punitive damages against the Village; and Defendant Elmwood Park Police Department.

## CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss [14] is granted. The following are dismissed with prejudice: Plaintiffs' defamation claim and claim for indemnification for defamation against the Village; Plaintiffs' prayer for punitive damages against the Village; and Defendant Elmwood Park Police Department. Plaintiffs' defamation claim against Fagiano and Plaintiffs' IIED claim against the Village and Fagiano are dismissed without prejudice.

Plaintiffs are granted leave to amend their Complaint, if they can do so pursuant to Rule 11, within thirty days of this Order.

Date:   September 10, 2014                    _____
                                              JOHN W. DARRAH
                                              United States District Court Judge